UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA GARCIA, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MANUEL GARCIA (DECEASED MINOR CHILD), and HORMANDIN GARCIA<br><br>   Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; FRIEDRICH AIR CONDITIONING & REFRIGERATION CO.; U.S. NATURAL RESOURCES, INC. d/b/a FRIEDRICH AIR CONDITIONING COMPANY; AND FRIEDRICH AIR CONDITIONING CO., LTD d/b/a FRIEDRICH AIR CONDITIONING CO.<br><br>   Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br><br><br><br><br>JURY DEMANDED |

**LG ELECTRONICS U.S.A., INC.'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§1332 & 1441 (DIVERSITY) AND BRIEF IN SUPPORT**

To:   The Honorable United States District Court for the Southern District of Texas, Brownsville Division

Please take notice that, pursuant to 28 U.S.C. §§1332 & 1441, Defendant LG Electronics U.S.A., Inc. (hereinafter "Removing Defendant") removes to this Court the state-court action described in paragraphs 1 and 2 below.

**I. THE REMOVED CASE**

1.   The removed case is a civil action filed on or about February 9, 2011, in the 445th Judicial District Court of Cameron County, Texas and assigned cause number

...

2011-DCL-00968.  The case is styled, *Minerva Garcia, Individually and as Administrator of the Estate of Manuel Garcia (Deceased Minor Child), and Hormandin Garcia v. LG Electronics U.S.A., Inc.; Friedrich Air Conditioning & Refrigeration Co.; U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company; and Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co.*

2. In their original petition, Plaintiffs Minerva Garcia, Individually and as Administrator of the Estate of Manuel Garcia (Deceased Minor Child), and Hormandin Garcia (hereinafter collectively "Plaintiffs") allege that Removing Defendant and "the Friedrich Air Conditioning Companies" "jointly manufactured" a room air conditioner (hereinafter the subject "Room Air Conditioner") that allegedly caused a July 13, 2009 house fire.  See <u>Plaintiffs' Original Petition at Paragraph 12; attached hereto as Exhibit C-1</u>.  Manuel Garcia, Plaintiffs minor child, died in the house fire.  Plaintiff Minerva Garcia has asserted a survival claim on behalf of Manuel Garcia's estate, and both plaintiffs assert wrongful death claims.  Any recovery of damages is premised on theories of negligence or strict products liability.

## II. SUMMARY OF BASIS FOR REMOVAL

3. Plaintiffs have asserted claims against Defendant LG Electronics U.S.A., Inc., a diverse defendant, and several "Friedrich" entities that they contend are not diverse.  Plaintiffs have fraudulently joined the non-diverse "Friedrich" defendants to improperly defeat this Court's diversity jurisdiction.  As detailed in this Notice of Removal, Section 82.003 of the Texas Civil Practices and Remedies Code protects certain sellers, such as the non-diverse defendants (the "Friedrich Companies"), from liability unless seven specific exceptions apply.  See TEX. CIV. PRAC. & REM. CODE ANN.

§ 82.003 (Vernon 2011). Removing Defendant LG Electronics U.S.A., Inc. contends that Plaintiffs' Original Petition does not allege and cannot show that any of the exceptions articulated in Section 82.003 apply. Accordingly, a viable cause of action does not exist as a matter of law against the non-diverse Friedrich Companies, and their joinder in this matter should be disregarded for purposes of determining diversity.

### III. PAPERS FROM REMOVED CASE

4. As required by 28 U.S.C. § 1446(a), attached as exhibits are copies of all processes, pleadings, and signed orders in this case from the Cameron County proceeding.

### IV. TIMELINESS OF REMOVAL

5. All Defendants were served no earlier than March 4, 2011. Accordingly, as demonstrated by the accompanying service of process papers attached hereto as Exhibits B-1 through B-4, this removal is timely filed within 30 days of receipt of the initial pleading setting forth the claim for relief upon which this action is based. See 28 U.S.C. § 1446(b).

### V. VENUE

6. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

### VI. CONSENT

7. The consent of Defendants (1) Friedrich Air Conditioning & Refrigeration Co.; (2) U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company; and (3) Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co., is not required

because they have been fraudulently joined. See *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (noting that any rule requiring fraudulently joined co-defendant to consent would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

## VII. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PARTIES

8.  This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (Diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 (action removed generally) and 1446 (procedure for removal).

9.  As admitted in the Original Petition, Plaintiffs are citizens of Cameron County, Texas. See <u>Plaintiffs' Original Petition at ¶ 2, Exhibit C-1</u>.

10. Defendant LG Electronics U.S.A., Inc., is a Delaware Corporation with its principal place of business in Englewood Cliffs, New Jersey.

11. Defendant Friedrich Air Conditioning & Refrigeration Co. (hereinafter "Friedrich Air Conditioning Co.") is a citizen of Texas, but it has been fraudulently joined in an attempt to destroy diversity and prevent removal. Its citizenship must, therefore, be disregarded for purposes of diversity analysis. *Jernigan*, 989 F.2d at 815.

12. Defendant U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company (hereinafter "U.S. Natural") is a Delaware Corporation with its principal corporate office in San Antonio, Texas, but it has been fraudulently joined in an attempt to destroy diversity and prevent removal. Its citizenship must, therefore, be disregarded for purposes of diversity analysis. *Jernigan*, 989 F.2d at 815.

13. Defendant Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. (hereinafter "Friedrich Air Conditioning LTD") is a citizen of Texas, but it has been fraudulently joined in an attempt to destroy diversity and prevent removal. Its citizenship must, therefore, be disregarded for purposes of diversity analysis. *Jernigan,* 989 F.2d at 815.

### VIII. THE NON-DIVERSE DEFENDANTS HAVE BEEN FRAUDULENTLY JOINED

14. A non-diverse defendant is deemed to be fraudulently joined, and thus may be disregarded for purposes of determining diversity jurisdiction, when there is no *reasonable* possibility that plaintiffs can establish a cause of action against the non-diverse party under state law. *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001).

15. Removing Defendant LG Electronics U.S.A., Inc. asserts that the citizenship of Defendants Friedrich Air Conditioning Co., U.S. Natural, and/or Friedrich Air Conditioning LTD (hereinafter collectively "Non-Diverse Defendants") should be disregarded because they were fraudulently joined.

16. To establish fraudulent or improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

17. Under the second prong articulated by *Travis*, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. "[A] removing defendant [need not] demonstrate an absence of any possibility of recovery in state court, . . . the

defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

18. **Procedure for Determining Fraudulent Joinder**. In *Smallwood v. Illinois Central Railroad Company*, the Fifth Circuit clarified the procedure for determining whether a removing party has shown that no reasonable basis for recovery against the in-state defendant exists. 385 F.3d 568 (5th Cir. 2004) (en banc). In *Smallwood*, a majority of the Fifth Circuit wrote:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry . . . .[W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.

Id. at 573-74.

## IX. AUTHORITY REGARDING CONCLUSORY "ALLEGATIONS"

19. Removing Defendant LG Electronic U.S.A., Inc. asserts that a Rule 12(b)(6)-type analysis of Plaintiffs' Original Petition will reveal that they have no reasonable basis for recovery from the Non-Diverse Defendants.

20. To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570,

(2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

21. A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, it must nonetheless set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quotation marks, citations, and footnote omitted).

22. The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

23. Plaintiffs attempt to plead claims of strict products liability and negligence against all defendants by alleging that the fire was caused by a "Room Air Conditioner"

that was "jointly manufactured by LG Electronics and the Friedrich Air Conditioning Companies. . . ." See <u>Plaintiffs' Original Petition, Exhibit C-1, at ¶ 12</u>. However, as detailed in the following section, Plaintiffs do not allege independent factual allegations against the Non-Diverse Defendants to survive a Rule 12(b)(6)-type analysis.

24. Moreover, Plaintiffs have not alleged any facts to negate the exceptions to liability as to the Non-Diverse Defendants that are afforded under Section 82.003 of the Texas Civil Practice and Remedies Code and detailed below.

### X. THE NON-DIVERSE DEFENDANTS ARE NOT LIABLE UNDER TEXAS LAW

25. Incorporating paragraphs 19-24, Removing Defendant LG Electronics U.S..A., Inc. asserts that there is no reasonable basis for recovery from the Non-Diverse Defendants because they are not liable under Texas law.

26. Plaintiffs' Original Petition alleges no actionable independent or affirmative misconduct by (1) Friedrich Air Conditioning & Refrigeration Co.; (2) U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company; and/or (3) Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co.

27. Section 82.003 of the Texas Civil Practice and Remedies Code has eliminated liability for "downstream" sellers. See TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon 2011). That section provides in relevant part:

> (a)  A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>
>   (1)  that the seller participated in the design of the product;
>
>   (2)  that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

(3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

(4) that:

    (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

    (B) the warning or instruction was inadequate; and

    (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

(5) that:

    (A) the seller made an express factual representation about an aspect of the product;

    (B) the representation was incorrect;

    (C) the claimant relied on the representation in obtaining or using the product; and

    (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6) that:

    (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and

    (B) the claimant's harm resulted from the defect; or

(7) that the manufacturer of the product is:

    (A) insolvent; or

    (B) not subject to the jurisdiction of the court.

*Id.*

28. The 2003 changes to Section 82.003 were included in the comprehensive reform measures of Texas House Bill 4, authored by Representative Joe Nixon, Chair of the House Committee on Civil Practices. *See* TEX. H.B. 4, 78TH LEG., R.S. (2003). As explained by Representative Nixon, House Bill 4 was:

> [A] comprehensive civil justice reform bill intended to address and correct a serious problems [sic] in our courts system. It [was] designed to promote fairness and efficiency in civil lawsuits, protect Texas citizens and Texas courts from abusive litigation tactics, remove incentives in the system that are causing unwarranted delay and expense. House Bill 4 – it's [sic] purpose [was] to restore the needed balance in our court system so that it can operate more efficiently and more fairly and less costly.

PUBLIC HEARING ON TEX. H.B. 4, 78TH LEG., R.S. (2003) before the House Committee on Civil Practices held on February 26, 2003, at p. 1. The section of the bill dealing with products liability was "designed to provide additional protective [sic] for the innocent retailers when they had nothing to do with the product that caused the plaintiff's injury." *Id.* at p. 9.

29. The complete bar to liability under § 82.003 includes claims of negligence, breach of warranty, misrepresentations, or any other theory or combination of theories seeking damages allegedly caused by a defective product. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 82.001, .003 (Vernon 2011). Notwithstanding the clear statutory language and unambiguous legislative intent, Plaintiffs are attempting to circumvent Texas law, which precludes the filing of cases such as this one.

30. Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co., collectively are merely "sellers" of the "Room Air Conditioner" that is the product made the basis of Plaintiffs' Original Petition, and are

not "manufacturers" with respect to the subject "Room Air Conditioner", as those terms are defined in section 82.001 of the Civil Practice and Remedies Code. Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. could not be liable to Plaintiffs unless their actions fit within one of the exceptions set forth in Section 82.003. The attached affidavit of Tracey Peterson, authorized representative of Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co., and the attached affidavit of Chang Sik Kim, an authorized representative of LG Electronics U.S.A., Inc., establish that any such allegations of exceptions under Section 82.003 have no basis in fact and cannot be met by Plaintiffs in this case. The foregoing affidavits are attached hereto as Exhibits A-1 and A-2 respectively and are incorporated herein as if fully set forth at length.

31. Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. did not design or manufacture, or participate in the design or manufacture of the subject "Room Air Conditioner". *See* <u>Affidavit of Tracey Peterson attached as Exhibit A-1</u>.

32. Plaintiffs do not allege in Plaintiffs' Original Petition that Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co., altered or modified the subject "Room Air Conditioner". Friedrich Air

Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. did not alter or modify the subject "Room Air Conditioner" in any manner related to Plaintiffs' defect allegations. See Affidavit of Tracey Peterson attached as Exhibit A-1.

33.     Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. did not install any product or component thereof related to Plaintiffs' claims in the subject "Room Air Conditioner". See Affidavit of Tracey Peterson attached as Exhibit A-1.

34.     Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. did not exercise substantial control or any control, for that matter, over the contents of any warning or instruction that accompanied the subject "Room Air Conditioner". See Affidavit of Tracey Peterson attached as Exhibit A-1.

35.     Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. did not make any express factual representation about an aspect of the subject "Room Air Conditioner" that was incorrect for which, if the subject "Room Air Conditioner" had been as represented by, Plaintiffs would not have been harmed by the product or would have suffered the same degree of harm. In fact, Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources,

Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co., made no express factual representations to Plaintiffs concerning the aspects of the subject "Room Air Conditioner" in the Original Petition to have been defective or to have harmed the Plaintiffs. See Affidavit of Tracey Peterson attached hereto as Exhibit A-1.

36. Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. did not know of any alleged defect to the subject "Room Air Conditioner" at any time. Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. had no actual knowledge of any purported defect of the subject "Room Air Conditioner" alleged in the Original Petition to have caused harm to Plaintiffs. See Affidavit of Tracey Peterson attached hereto as Exhibit A-1.

37. LG Electronics Inc. is the manufacturer of the subject "Room Air Conditioner made the basis of this suit and is solvent.

38. LG Electronics Inc. is subject to and is the jurisdiction of this Court.

### XI. PLAINTIFFS HAVE PLEADED NO ACTIONABLE NEGLIGENCE CLAIMS AGAINST THE NON-DIVERSE DEFENDANTS

39. Plaintiffs have pleaded no substantiated facts or theories of liability whatsoever in support of the bare allegations of negligence against Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. If bare allegations supporting a cause of action are otherwise refuted,

this Honorable Court is justified in finding no cause of action exists and that there is fraudulent joinder. In *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980), for example, the lower court looked beyond the plaintiffs' allegations as to the resident defendants' conduct. The district court found no cause of action in spite of the bald assertions that the conduct was actionable. The Court of Appeals agreed, and stated that the lower court had "properly . . . 'pierced the pleadings' to determine if the joinder was fraudulent, that is, whether under any sets of facts alleged in the petition, a claim against the defendant could be asserted under [state] law." *Id. at 331*. Here, Plaintiffs' bald assertions of negligence against the resident defendant are not sufficient to establish a cause of action when facts necessary to establish the cause of action have been established to the contrary by competent evidence.

40. In this case, evidence clearly establishes that Plaintiffs cannot demonstrate any independent acts of negligence on the part of Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and/or Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co. *See* <u>Affidavit of Tracey Peterson attached as Exhibit A-1</u>. As such, there is no reasonable possibility that Plaintiffs can state any claim against the fraudulently joined Friedrich Air Conditioning & Refrigeration Co., U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company, and Friedrich Air Conditioning Co., LTD d/b/a Friedrich Air Conditioning Co.

### XII. PROCEDURAL REQUIREMENTS FOR REMOVAL

41. Removing Defendant LG Electronics U.S.A., Inc. will promptly after the filing of this Notice for Removal, in accordance with 28 U.S.C. §1446(d), give written

Notice to Plaintiffs' counsel and will file a copy of this Notice of Removal, with the Clerk of the 445th Judicial District Court of Cameron County, Texas.

42.   Removing Defendant LG Electronics U.S.A., Inc. reserves the right to amend or supplement this Notice of Removal.

43.   Pursuant to Local Rule 81, the following documents are attached to the Notice of Removal.

- a.   Affidavit of Tracey Peterson (Exhibit A-1) and Affidavit of Chang Sik Kim (Exhibit A-2);
- b.   All executed process in the State Court Action (Exhibits B-1 through B-4);
- c.   Pleadings asserting causes of action, and all answers to such pleadings (Exhibits C-1 through C-3);
- d.   All orders signed by the state judge; (none as of date of Notice of Removal, See Exhibit D-1);
- e.   A copy of the docket sheet in the State Court Action (Exhibits D-1 and D-2);
- f.   An index of matters being filed (Exhibit G);
- g.   A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit F); and
- h.   A copy of the state court Notice of Filing Notice of Removal (Exhibit E).

### XIII. CONCLUSION

WHEREFORE, Defendant LG Electronics U.S.A., Inc. prays that the above-styled action now pending against it in the 445th Judicial District Court of Cameron County, Texas be removed to this Honorable Court and that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

Garcia & Villarreal, L.L.P.

By: *[signature]*
Jose E. Garcia
State Bar No. 07636780
Federal Bar No. 3934
Francisco R. "Pancho" Villarreal
State Bar No. 00789706
Federal Bar No. 20081
ATTORNEYS-IN-CHARGE

McAllen, Texas 78504-2446
(956) 630-0081 – Telephone
(956) 630-3631 – Facsimile

COUNSEL FOR DEFENDANT LG
ELECTRONICS U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and the exhibits listed on page 15 were forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure on this __1__ day of April, 2011.

Marc G. Rosenthal
J. Lynn Watson
ROSENTHAL & WATSON, P.C.
6601 Vaught Ranch Road, Suite 200
Austin, Texas 78730
Telephone: (512) 477-2275
Telecopier: (512) 474-2667

Daniel A. Sanchez
THE SANCHEZ LAW FIRM
501 E. Tyler Street
Harlingen, Texas 78550
Telephone: (956) 425-5294
Telecopier: (956) 425-1844

Luis Cardenas
ESCOBEDO, TIPPIT & CARDENAS, LLP
2900 N. 10th St.
McAllen, Texas  78501
Telephone: (956) 618-3357
Telecopier: (956) 618-3361

Mark A. Randolph
HORNBERGER FULLER SHEEHAN & BEITER INC.
The Quarry Heights Bldg
7373 Broadway, Ste 300
San Antonio, Texas 78209
Telephone:  (210) 271-1700
Telecopier:  (210) 271-1730

_____
Jose E. Garcia