SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA GARCIA *et al* | § | |
| | § | |
| Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. B-11-61 |
| | § | |
| LG ELECTRONICS USA INC. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>
<u>DENYING MOTION TO REMAND</u>

Plaintiffs bring wrongful death and survival actions under Texas state law theories of negligence and strict liability. The lawsuit arises from a house fire on July 13, 2009, in which a minor child, Manuel Garcia, died. Plaintiffs are his parents, Minerva Garcia, individually and as administrator of the estate of Manuel Garcia, and Hormandin Garcia (Plaintiffs). Plaintiff filed suit against LG Electronics USA, Inc. ("LG Electronics"); Friedrich Air Conditioning & Refrigeration Co.; US Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company; and Friedrich Air Conditioning Co., Ltd. d/b/a Friedrich Air Conditioning Co. (collectively, "the Friedrich defendants"). Defendant LG Electronics removed the matter to this federal district court on the basis of 28 U.S.C. §§ 1332 & 1441.

I.    <u>Standard of Review</u>

When federal jurisdiction is based on §1332's diversity jurisdiction, the suit is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. §1441(b). Defendant LG Electronics asserts that removal jurisdiction is present under 28 U.S.C. §1441(b) because diversity exists if the in-state defendants' citizenship is

1

disregarded. Plaintiffs are citizens of Texas. Defendant LG Electronics is a Delaware corporation with its principal place of business in New Jersey. The purportedly fraudulently-joined defendants, the Friedrich defendants, are citizens of Texas.[1]

To establish fraudulent joinder, the defendant seeking removal must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Defendant LG Electronics does not argue actual fraud in the pleading of jurisdictional facts, but rather that plaintiffs are unable to establish a cause of action against the non-diverse party in state court. Under the second prong, the standard is whether defendant has demonstrated that there is no reasonable basis to predict that the plaintiffs might be able to recover against the in-state defendants. *Gray ex rel. Budd v. Beverly Enterprises-Miss., Inc.* 390 F.3d 400, 405 (5th Cir. 2004).

In examining fraudulent joinder, the Court first conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. There are cases, however, "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the

---

[1] While Defendant U.S. Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company is incorporated in Delaware, this fact is irrelevant for diversity purposes because its principal corporate office is in Texas. Thus, it is a citizen of Texas and Delaware, and if properly joined to the state court lawsuit, is a diversity jurisdiction-busting defendant. 28 U.S.C. §1332.

propriety of joinder." *Id*. In these cases, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry . . . to identify the presence of discrete and undisputed facts that would preclude recovery against the in-state defendant." *Id*. at 573–74. Fraudulent joinder claims "should be resolved whenever possible," and the court is able to "pierce the pleadings" to examine affidavits and any other evidentiary material presented to the court. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The district court resolves all factual disputes and ambiguities in state law in favor of the plaintiff. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

II.    Petition, Notice of Removal, Motion to Remand, and Responses

On April 1, 2011, Defendant LG Electronics filed a notice of removal on the basis of improper joinder of the in-state defendants—the Friedrich defendants.[2] LG Electronics argues that Chapter 82 of the Texas Civil Practices and Remedies Code precludes recovery against the Friedrich defendants. Chapter 82, in general, applies broadly to a "products liability action," defined as:

> Any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.001. Specifically, section 82.003 provides blanket protection for nonmanufacturing sellers of products from liability for injuries

---

[2] Plaintiffs have not challenged that removal was proper other than their belief that there is no diversity jurisdiction because the Friedrich defendants were properly joined.

caused by a defective product unless one of the specified exceptions apply. Section 82.003(a) states: "A seller that distributes a product, without participating in its manufacture, is not liable for harm caused to the claimant by that product unless the claimant proves [one of the seven listed exceptions]." *Id*. § 82.003(a)(1). In this case, defendant LG Electronics alleges that the Plaintiffs' pleadings assert only one possible exception to the bar—that the seller, the Friedrich defendants, participated in the design of the product.[3] Conversely, LG Electronics asserts that the Friedrich defendants are fraudulently joined because they in no way participated in the design or manufacture of the subject air conditioner. In support, LG Electronic attached to their court filings three affidavits.

Plaintiffs, on the other hand, assert that their pleading allegations, which allege that defendants LG Electronics and the Friedrich defendants "jointly manufactured, marketed, and sold the room air conditioner," taken together with the affidavit of purported expert Michael Schulz, necessitate remand of this action to state court.

III.   <u>Analysis</u>

**A. The Federal Standard for Pleading Sufficiency Does Not Apply to the Fraudulent Joinder Situation**.

As a preliminary matter, the Court will discuss the implication in defendant LG Electronics' Notice of Removal that the Court should hold the Plaintiffs to the *Twombly/Iqbal* plausibility federal pleading standard in the Court's evaluation of whether the plaintiffs are able state a claim against the Friedrich defendants. Although federal district courts have reached conflicting results over "whether a court deciding if

---

[3] Nowhere does plaintiffs challenge this assertion, not in their motion to remand or their reply.

a plaintiff's state-court petition provides a reasonable for predicting recovery against an in-state defendant under state law applies the federal pleading standard if the standard that applies under that state's law is more lenient," this Court finds that a review of certain jurisdictional and pleading principles mandate that state court pleading standards apply. *Edwea Inc. v. AllState Ins. Co.*, 2010 WL 5099607, *3 (S.D. Tex. Dec. 8, 2010) (J. Rosenthal).

As several district courts have critiqued, "Using a federal Rule 12(b)(6) standard to test the validity of a state court petition is awkward," raises issues of comity between federal and state courts, and is likewise unrealistic. *Id.* at *3–4 (citing *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, 2008 WL 4533729, *4 n.6. (E.D. Tex. Sept. 29, 2008) (J. Hines). This Court agrees. It is elementary that a plaintiff, in seeking relief in the Texas state court system, must file his Texas state court petition in compliance with state court pleading standards. Texas notice pleadings rules are "given a more liberal reading than their federal counterpart." *Id.* at *4. Why would a federal district court, in evaluating whether a plaintiff may sustain a cause of action against a defendant *in Texas state court*, ever hold the plaintiff to the stricter federal pleading standard that does *not* apply in Texas state court? The answer is: it should not. State court plaintiffs should not be required to anticipate removal to federal court. *See, e.g.,* *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (J. Fitzwater).

"[A]nother source of tension arising from imposing a stricter federal pleading standard on the improper joinder analysis" is that "under the federal rules, a dismissal

for failure to meet the [federal] pleading requirement is usually with leave to amend to attempt to cure the pleading deficiency by, for example, pleading more facts." *Edwea*, 2010 WL 5099607 at *6 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (quotation omitted). Whereas in the removal context, "the remand analysis must be based on the pleading at the time the case was removed; post-removal amendments to the pleading are ordinarily not considered." *Id.* (citing *Brown v. United Parcel Serv.*, 2000 WL 1701739, at *1 n.1 (5th Cir. 2000).

In sum, this Court agrees with the majority of courts that hold that "a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient." *Id.* at *5 (compiling cases).[4]

## B. Plaintiffs' Allegations Survive a 12(b)(6)-Type Inquiry.

As *Smallwood* directs, this Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (*en banc*). Here, the only issue is whether Texas law might impose liability on the Friedrich defendants, which sold—and according to Plaintiff, participated in the manufacture and design of— the air conditioner.

---

[4] Judge Lee Rosenthal, in *Edwea*, does an excellent job of explaining why the district court decisions that have held to the contrary were incorrectly decided. *See Edwea*, 2010 WL 5099607, at *4.

Plaintiffs allege that the air conditioner which caused the house fire "was jointly manufactured by LG Electronics *and* the Friedrich [defendants], and was originally sold and marketed by the Friedrich [defendants] as a Friedrich room air conditioner." (Doc. No. 1-8) (emphasis added).[5] Defendant LG Electronics contends that the Friedrich defendants are innocent sellers protected by Chapter 82 of the Texas Civil Practice and Remedies Code, that plaintiffs' pleadings only indicate that they are challenging one exception to the bar against liability for an innocent seller, and that the provision, §82.003(a)(1), is not applicable because the Friedrich defendants did not participate whatsoever in the design of the product. Plaintiffs, according to their filings with the Court, do not challenge that their pleadings only raise the §82.003(a)(1) exception—participation in the design of the subject air conditioner.

Texas law provides that a "seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves: (1) that the seller participated in the design of the product." TEX. CIV. PRAC. & REM. CODE §82.003(a)(1).[6] Plaintiffs' allegation that the air conditioner was "jointly manufactured by LG Electronics and the Friedrich [defendants] . . ." is enough to trigger the

---

[5] Interestingly, Plaintiffs' other allegations in its pleadings related to the air conditioner state "LG Electronics *and/or* the Friedrich Air Conditioning Companies." *See*, *e.g.*, Doc. 1-8, ¶12 (emphasis added). The "and/or" nature of the allegations prevents the allegations from actually alleging any action by the Friedrich defendants. These allegations can be read as stating that LG Electronics was the sole manufacturer and designer of the subject air conditioner.

[6] For completeness sake, however, the Court notes that Plaintiff does not allege that the Friedrich defendants "(2) altered or modified the product; (3) installed the product, or had the product installed; (4) exercised substantial control over the content of a warning and the warning or instruction was inadequate; (5) made an express, incorrect factual representation about an aspect of the product upon which Plaintiffs' relied; (6) actually knew of a defect to the product at the time the seller supplied the product; or (7) that the manufacturer of the product is insolvent or not subject to the jurisdiction of the court. TEX. CIV. PRAC. & REM. CODE §82.003(a)(2)–(7).

7

participate-in-the-design exception and survive a Rule 12(b)(6)-type failure to state a

claim upon which relief can be granted inquiry. (Doc. No. 1-8).

### C. The Court is faced with the presence of discrete facts and exercises its discretion to pierce the pleadings to conduct a summary-type inquiry.

"Ordinarily, if a plaintiff can survive a 12(b)(6) challenge, there is no improper

joinder." *Smallwood*, 385 F.3d at 573–74. In some cases, however, a plaintiff states a

claim, "[b]ut has misstated or omitted discrete facts that would determine the propriety

of joinder." *Id*. The Fifth Circuit in *Smallwood* explained that these situations are

where "the in-state doctor defendant did not treat the plaintiff patient, the in-state

pharmacist defendant did not fill a prescription for the plaintiff patient, a party's

residence was not as alleged, or any other fact that easily can be disproved if not true."

*Id*. at 574, n.12. In these cases, "the district court may, in its discretion, pierce the

pleadings and conduct a summary inquiry . . . to identify the presence of discrete and

undisputed facts that would preclude recovery against the in-state defendant." *Id*. at

574. The Court is faced with that situation here. While it is not the treating doctor

scenario, the Court finds that the innocent retailer who has never had any

involvement with the product other than the sale is substantially analogous. This is

because a simple affidavit by the innocent retailer could show that the innocent

retailer, in fact, did not manufacture or design the product at issue—much like the

doctor affidavit stating he never examined the patient or the pharmacist affidavit

stating he did not fill the prescription. On the other hand, if the defendant were not an

innocent seller of a product, they would be unable to file such an affidavit in which

they completely deny any involvement whatsoever in the product other than being the retailer.

In this case, defendant LG Electronics put forth three affidavits in support of its contention that the Friedrich defendants were fraudulently joined:

- Tracy Peterson, Vice-President and CFO of Friedrich Air Conditioning Co., Ltd.;
- Chang Sik Kim, Senior Legal Counsel for LF Electronics U.S.A., Inc.; and
- Michael D. Callaway, Technical Service Manager for Friedrich Air Conditioning Co., Ltd.

(Doc. No. 1-2, 1-3, & 10-3). Peterson's affidavit states that "the Friedrich Air Conditioning Companies did not design or manufacture, or participate in the design or manufacture of the subject 'Room Air Conditioner.'" (Doc. No. 1-2, ¶6).[7] Kim's affidavit states that the "'Room Air Conditioner' that is made the basis of Plaintiff's Original Petition is manufactured by LG Electronics, Inc., and LG Electronics, Inc., is solvent." (Doc. No. 1-3, ¶5). Callaway, the technical service manager, provides an affidavit setting forth facts in substantially more detail than the other affidavits:

> I have personal knowledge regarding the lack of involvement of the Friedrich Air Conditioning Companies in the design and/or manufacture of the subject Room Air Conditioner. The Friedrich Air Conditioning Companies did not design or manufacture or participate in the design or manufacture of the subject Room Air Conditioner. The Friedrich Air Conditioning Companies are simply purchasers for resale of the subject Room Air Conditioner. Specifically, the Friedrich Air Conditioning Companies place purchase orders to purchase air conditioners from LG Electronics, Inc. (or a related entity) . . . The Friedrich Air Conditioning companies are not involved in any way in

---

[7] The affidavit further states facts which negate each exception to a seller's immunity under Texas Civil Practice and Remedies Code §82.003(a).

the design and/or manufacture of the air conditioners purchased from LG Electronics including the subject Room Air Conditioner.

The Friedrich Air Conditioning Companies simply purchase air conditioners including the subject Room Air Conditioner from LG Electronics (sic). . . . The Friedrich Air Conditioning Companies receive the air conditioner that they purchase from LG Electronics in their final form in sealed boxes that are ready to be sold to the Friedrich Air Conditioning Companies' customers and eventually the end users.

[T] Friedrich Air Conditioning Companies also purchase the replacement parts identified in the Room Air Conditioner Service and Parts Manuals attached as Exhibits "C" and "D" to the affidavit of Michael J. Schulz from LG Electronics. The Friedrich Air Conditioning Companies are not involved in the design or manufacture of the replacement parts. Said parts are simply purchased pursuant to purchase orders from LG Electronics.

. . .

I affirmatively state that the Friedrich Air Conditioning Companies did not exercise substantial control or any control, for that matter, over the contents of any warning or instruction that may have accompanied the subject "Room Air Conditioner." The Owner's Manual which contains the warnings and instructions for the subject "Room Air Conditioner" is created, printed and included in the sealed boxes for air conditioners including the subject "Room Air Conditioner" by LG Electronics.

(Doc. No. 10-3, ¶¶4–10). The affidavits establish facts that, if not sufficiently controverted, would preclude recovery against the in-state defendant—the Friedrich defendants—under Texas Civil Practice and Remedies Code §82.003(a)'s innocent seller provision. With defendant LG Electronics having placed such facts in the record, it is up to the plaintiffs to sufficiently controvert the facts by introduction of their own affidavits or other evidence. *Badon v. RJR Nabiso Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) ("We do

not, however, in the absence of any proof, assume that the [plaintiffs] could or would prove the necessary facts.").

Plaintiffs first contend that the affidavits of Peterson and Kim are objectionable and should be stricken or otherwise not be considered as proper evidence. The Court does not necessarily agree with these objections. Regardless of their merit, Callaway's affidavit negates any need for the Court to even consider the Peterson and Kim affidavits because the Callaway affidavit is based on personal knowledge, states the basis of the personal knowledge, is not conclusory, and clearly outlines facts which establish the Friedrich defendants as innocent sellers.

Regarding Callaway's affidavit, the plaintiffs do not attack the substance, form, or or facts stated in the affidavit, but rather contend that it is untimely because it was filed after the 30-day time limit for removal has passed, and argue that they have still sufficiently controverted the Callaway affidavit. (Doc. No. 11, p. 3). Plaintiffs' argument that Callaway's affidavit is somehow untimely because it was filed outside the 30-day period for removal is easily resolved. First, Plaintiff provides the Court with no authority for this purported rule.[8] Second, courts routinely consider evidence (such as the Callaway affidavit) well after the 30-day period for removal has passed. In

---

[8] The lone case cited by the plaintiffs, *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985), does not stand for the stated proposition. First, *Boelens* is not a removal-jurisdiction case based on diversity; instead, the case was originally brought under federal question jurisdiction. Second, courts examine whether subject matter exists by looking at the plaintiffs' state court complaint as it existed at the time the petition for removal was filed. The *Boelens* case cites this proposition, but plaintiffs misconstrue its meaning and ignore the next 25 years of Fifth Circuit precedent. This rule does not preclude a court from looking at affidavits or other evidence later introduced after the petition for removal is filed. How then would a court ever pierce the pleadings and consider a plaintiff's summary-type evidence? If the Court applied Plaintiff's purported rule to this case, the Court would be strictly forbidden from considering the affidavit of the Plaintiffs' expert which it attached to its Motion for Remand filed *after the petition for removal*—a procedure specifically endorsed by the Fifth Circuit.

fact, district courts at times allow the parties to conduct discovery relating to the fraudulent joinder issue and sometimes even conduct an evidentiary hearing. *See*, *e.g.*, *Rubin v. DaimlerChrysler Corp.*, 2005 U.S. Dist. LEXIS 42102 (S.D. Tex. May 20, 2005) (J. Rosenthal). Having disposed of the Plaintiffs' objections to the defendants' affidavits, Plaintiff still must sufficiently controvert the Callaway affidavit by their own summary-type evidence. Plaintiffs fail to do so.

Plaintiffs introduce an affidavit by Michael Schulz, a purported fire and explosion analyst, and fire and safety engineering technologist. (Doc. No. 9-1). Schulz offers his opinion that, "Based on [his] knowledge, skill, experience, and training, it is [his] opinion that [the Friedrich defendants] designed, fabricated, formulated (or specified), assembled, or otherwise manufactured, the room air conditioning unit . . ." (*Id.*). The affidavit further states that "it is [his] opinion that [the Friedrich defendants] exercised control in regard to the manufacture of the room air conditioning unit, . . . based upon the packaging, labeling or branding, and marketing of the room air conditioner unit, and based upon the service and parts manuals." (*Id.*). On the face of the affidavit, the sole basis for such opinions is the name "Friedrich" on the air conditioner and the safety manuals. (*Id.*). His conclusion that the presence of the name equates to participation in either design or manufacture is pure speculation. It is opinion, not fact. Plaintiffs, in their arguments to the Court and by Schulz's affidavit, fail to provide the Court with any evidence or authority remotely showing that a seller of a retail air conditioner can be liable under Texas Civil Practice and Remedies Code § 82.003(a) for merely putting their name on the product. This Court's evaluation of the statutory

12

text and the relevant case law leads it to no authority which stands for such a proposition. Moreover, purported expert Schulz fails to state how it is possible for him to make the leap from "name on the product" to "designed, fabricated, formulated, assembled, or otherwise manufactured." (Id.).[9] Schulz, in his affidavit, fails to show how being a fire and explosion analyst and a fire and safety engineering technologist makes him qualified to opine on the significance of placing a name on the product, or how this is something which is in the domain of expert testimony. In conclusion, Plaintiffs have failed to controvert defendant LG Electronics' summary-type evidence—the Callaway affidavit.

### D. Plaintiff has not asked this Court to conduct limited discovery into the jurisdictional facts.

The Court has discretion, upon a showing of necessity, to allow for limited discovery into the fraudulent joinder issue. *Smallwood*, 385 F.3d at 574 ("We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of necessity."). Plaintiffs, however, have not shown such a necessity nor have they asked the Court for such jurisdictional discovery.

IV.   <u>Conclusion</u>

---

[9] For example, Schulz does not state that certain characteristics of this air conditioning unit are different than others which LG Electronics has placed in the stream of commerce through other retailers or that the air conditioning unit appears modified from other air conditioning units LG Electronics places into the stream of commerce. These are just a few examples of many ways in which one would expect an expert to come to the conclusion that the product is not simply a product wholly manufactured by LG Electronics. The affidavit does nothing of the sort.

For the foregoing reasons, the Court concludes that based on the facts and causes of action alleged in Plaintiffs' state court petition, defendant LG Electronics has shown that there is no reasonable basis of recovery against the in-state defendants—the Friedrich defendants. The Court **DENIES** the Plaintiffs' Motion to Remand (Doc. No. 9) and dismisses without prejudice Friedrich Air Conditioning & Refrigeration Co.; US Natural Resources, Inc. d/b/a Friedrich Air Conditioning Company; and Friedrich Air Conditioning Co., Ltd. d/b/a Friedrich Air Conditioning Co. (Friedrich defendants).

Signed this the 23th day of June, 2011.

_____
Andrew S. Hanen
United States District Judge